In the Matter of the Estate of RUDOLPH SPETH, Deceased.

Surrogate's Court, Monroe County, June 3, 1935.

*Harris, Beach, Folger, Bacon & Keating [K. B. Keating* of counsel], for the proponents.

*E. C. Edelman,* special guardian.

*Karl & Chapin,* for legatees.

FEELY, S.   In this case a holographic will was executed without the assistance of counsel skilled in the law.   The only objections to the probate thereof were filed, in good faith, by the special guardian for the only infant among those who would have been distributees had there been no will.   The will provided a legacy of $1,250 for the infant, who was a niece resident in Germany, whereas had there been no will her distributive share would have been considerably greater.

The infant was a necessary party to the proceeding for probating a plan divergent from statutory distribution, for the purpose both of giving the infant her " day in court," as well as of adjudicating her comparative relationship to those similarly interested on one basis or the other, testacy or intestacy.   In either aspect of the matter it redounded to the benefit of all of the group to have an adjudication on its common status, and on all individual interests therein, especially in view of the fact that a person unskilled in law had undertaken to execute the will informally, without an attestation clause, or legal supervision or advice.

There was a corresponding duty on the special guardian in protecting the " ward of the court " to make a more than ordinarily

careful investigation of the facts; and this minimizes the suggestion that the special guardian did more than he was required to do.

The objections were pressed to trial, after a brief preliminary examination. The only witnesses were those two who had attested the will; and the trial lasted less than four hours in all, and resulted in a directed verdict.

The proponents submit a form of decree of probate whereby no costs are awarded against the unsuccessful infant contestant; but any allowance to her special guardian is proposed to be charged against her legacy of $1,250. To these features the special guardian objects, stating he would rather forego any allowance than to have the infant subjected to any charge whatever. Either allowance rests in the discretion of the court; and in the peculiar circumstances of this case it does not seem just and fair either to award costs against the infant's small legacy, or to impose on it any allowance that may be made to the special guardian.

Submit a decree in a form that meets this decision, denying any costs against the infant or her legacy, and making a charge upon the estate at large any allowance that may be made to the special guardian on the submission of such decree.

Enter an order and decree accordingly.